JOHN CANCIO, Respondent, *v.* PAUL J. MORANTI, INC. (Formerly MORANTI & RAYMOND, INC.), Appellant.

First Department, April 20, 1934.

*John F. Collins* of counsel [*Harry Merwin* with him on the brief; *Bandler, Haas & Collins*, attorneys], for the appellant.

*Joseph B. Sansone*, for the respondent.

PER CURIAM. This is an appeal by defendant from a judgment entered after a trial before the court and jury in favor of the respondent in the sum of $11,755.03, which consists of the sum of $8,904.86 as principal, interest amounting to $2,670, and $180.17 costs.

The jury rendered a verdict in favor of the respondent in the sum of $11,306.60, together with interest of $2,709.74, totalling $14,016.34. Appellant moved to set aside the verdict and for a new trial. The court thereupon stated: " The Court: If anybody

can tell me how they arrived at that verdict, I will let it stand, and that will be your job. I will give you today to do it."

On the following day the court deducted from the award made by the jury the sum of $2,401.74.

The difficulty presented is that it is well nigh impossible to find in this record credible facts which will substantiate either the original verdict or the final award as allowed by the court.

We can readily understand the situation which presented itself to both court and jury, since the plaintiff did not produce any of his own records to prove his claim.

The questions which were directed to the court by the jury after it had retired quite clearly indicate that it based its conclusion upon an erroneous set of figures. By way of illustration, we refer to the last communication received. It read as follows:

" Payment to plaintiff............................ $17,370 24
    Less exchanged checks......................... 2,924 25

                                                  $14,445 99

" What does plaintiff claim this amount was received for, if not on contract? "

The court sent the following reply to the jury, after consultation with both counsel: " That I cannot say. You must use your own recollection of the testimony." Exception to the answer of the court was duly noted by counsel for appellant.

Under the circumstances, we believe that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — FINCH, P. J., MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.